## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SCOTT BRIDGES,**

        **Plaintiff,**

**vs.**                             **Case No. 05-cv-2374-CM-DJW**

**ARCH ALUMINUM & GLASS CO., INC.**

        **Defendant.**

## PROTECTIVE ORDER

Upon consideration of the Unopposed Motion for Protective Order (doc. 33) submitted by Defendant, the Court hereby **grants** the Motion and enters the following Protective Order:

Plaintiff alleges claims of race discrimination and retaliation in this lawsuit.  During the course of this litigation, the parties have requested, and are expected to request, proprietary and confidential documents and information specifically consisting of:

- Non-public confidential information and documents regarding Defendant's operations and financial condition;

- Defendant's personnel records, including the personnel files of Defendant's employees who are not, and are not expected to be, parties to this action; and

- Personal and financial information regarding Plaintiff.

Accordingly, and for good cause shown, the Court hereby enters the following Protective Order, the terms and conditions of which shall govern documents and information deemed confidential by the parties and specifically identified below.

1.      **Designations of "CONFIDENTIAL" materials.**    The parties shall have the right to designate as "CONFIDENTIAL" any document or information they believe, in good faith, consists of:

- Non-public confidential information and documents regarding Defendant's operations and financial condition;

- Defendant's personnel records, including the personnel files of Defendant's employees who are not, and are not expected to be, parties to this action; and

• Personal and financial information regarding Plaintiff.

**2.** **Restriction on Disclosure of Designated Materials.** No information or things designated "CONFIDENTIAL" shall be disclosed to any person or entity except as set forth in this Order. The parties shall not use any material designated "CONFIDENTIAL" for any purpose other than to assist counsel of record in the preparation and trial of this action. No copies of designated materials shall be made, except by or on behalf of counsel of records for the parties.

**3.** **Marking of Designated Materials.** Documents that a party reasonably believes are protected against unauthorized disclosure or use shall be marked by placing the legend "CONFIDENTIAL," or an equivalent marking, on each page of the document. All documents to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party. If such documents have already been produced to the other party, the party producing the documents shall notify the other party immediately that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Order.

To the extent not inconsistent with any other paragraph, this paragraph shall govern information that has been produced and inadvertently not initially designated "CONFIDENTIAL." The initial failure to designate information in accordance with this Protective Order shall not preclude a party, at a later date, from designating any information "CONFIDENTIAL." A party may, by written notice to counsel of record for the receiving party, designate previously produced information as "CONFIDENTIAL" which it had inadvertently failed to designate as "CONFIDENTIAL." Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information only to those persons qualified pursuant to this Order, and if such information has previously

been disclosed to persons not qualified pursuant to this Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

    **4.**    <u>**Access to "CONFIDENTIAL" materials.**</u>    Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    a.    Counsel working on this action on behalf of any party to this action, and all assistants and stenographic and clerical employees working under the direct supervision of counsel;

    b.    Any person not employed by a party who is expressly retained by a party to this Order, or any attorney described in paragraph 4(a), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials only to the extent necessary to perform such work;

    c.    Court reporters and any person who is author or recipient of the confidential materials of whom testimony is taken, except that such persons may be shown copies of "CONFIDENTIAL" materials only during such testimony and may not retain any "CONFIDENTIAL" materials or copies thereof;

    d.    The Court or its staff in connection with the Court's administration and adjudication of this action.

    **5.**    <u>**Undertaking of Persons Receiving Designated Materials.**</u>  In no event shall any material designated "CONFIDENTIAL" be disclosed to any person (except those described in paragraphs 4(c) and 4(d)), until that person has executed a written declaration in the form attached hereto as Exhibit A acknowledging he or she has read a copy of this Order and agrees to be bound thereby.    In the event of depositions of third party witnesses, at which "CONFIDENTIAL" information is to be shown or revealed to the deponent, the party seeking to use such information shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A.    Unless such a declaration is obtained, "CONFIDENTIAL" information shall not be disclosed to the deponent.    Counsel of record shall be responsible for

maintaining a file of all such declarations.   The signed declarations shall be available for inspection by this Court upon good cause shown by opposing counsel.

6.      **Limitations Upon the Scope of Order.**  Nothing contained in this Order shall affect the right of the designating party to disclose, or use for any purpose, the documents or information produced by it as "CONFIDENTIAL."

7.      **Breach of This Order.**  Breach of this Order may be punished by the contempt powers of the Court and also give rise to a civil cause of action.

8.      **Duration of Order.**  The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the Court.

IT IS SO ORDERED.

Dated this 2nd day of May 2006, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SCOTT BRIDGES,**

        **Plaintiff,**

**vs.**                                **Case No. 05-2374-CM-DJW**

**ARCH ALUMINUM & GLASS
COMPANY, INC. ,**

        **Defendant.**

## DECLARATION REGARDING PROTECTIVE ORDER AGAINST UNAUTHORIZED
## USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

I _____ declare as follows:

My address is _____;

My present employer is _____;

My present occupation or job description is _____.

I hereby acknowledge that I have received, or may receive, information designated as "CONFIDENTIAL" under a Protective Order of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such Protective Order.

I further state that I have (i) been given a copy of, and have read, the Protective Order; (ii) I am familiar with the terms of the Protective Order; (iii) I agree to comply with, and to be bound by, each of the terms thereof; and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the Protective Order.

To assure compliance with the Protective Order, I hereby submit myself to the jurisdiction of the United States District Court for the District of Kansas for the limited purpose

of any proceedings relating to performance under, compliance with, or violation of this Protective Order.

I understand I am to (i) retain all of the materials I receive which have been designated as "CONFIDENTIAL" in a container, cabinet, drawer, room, or other safe place in a manner consistent with this Protective Order; (ii) make no copies or other reproductions of any such materials; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as "CONFIDENTIAL," or any information contained therein, are to be delivered to the party who provided the designated materials.   Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.   I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Name: _____

Date: _____